JOHN H. WOLF, ESQ. (Attorney #46172)
JOHN H. WOLF & ASSOCIATES
11755 WILSHIRE BLVD.
15TH FLOOR
LOS ANGELES, CALIFORNIA 90025
TELEPHONE NO. (310) 477-2744
TELECOPIER NO. (310) 477-9232

Attorney for Plaintiff
Willie Lee Antonio Headen, Jr.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

03-2920 AHM (RNBx)

| | |
|---|---|
| WILLIE LEE ANTONIO HEADEN, JR., | Case No.: |
| Plaintiff, | Complaint for Damages |
| vs. | 1. Violation of Civil Rights and Conspiracy to Violate Civil Rights [42 U.S.C 1983] |
| CITY OF INGLEWOOD, a public entity; RONALD BANKS, Inglewood Chief of Police; Officer ALFRED ENRIQUEZ; POLICE OFFICER OSCAR FLORES and POLICE OFFICER J. ARANDA; and 20 unknown other named defendants, | **JURY DEMAND** |
| Defendants. | |

\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\

- 1 -

COMPLAINT FOR DAMAGES

## JURISDICTION AND VENUE

1. Jurisdiction is vested in this Court under 28 *U.S.C.* §1343(3)(4) for violation of the 1971 *Civil Rights Enforcement Act*, as amended, including 42 *U.S.C* §1983 and §§1331 and 1367(a)

2. Venue is proper in the Central District of California and the County of Los Angeles under 28 *U.S.C* 1391(a)(b)

## PARTIES

3. Plaintiff WILLIE LEE ANTONIO HEADEN, JR., is a resident of the State of California and presently resides in the City of Inglewood.

4. Defendant CITY OF INGLEWOOD (hereinafter "INGLEWOOD") is a municipal corporation, organized and existing under the laws of the State of California, and is the public employer of the police officers named as defendants in this action.

5. Defendant RONALD BANKS, is the Inglewood Police Departments Chief of Police and responsible for all training, discipline and the enforcement of rules and regulations for all police officers in INGLEWOOD.

6. Defendants ALFRED ENRIQUEZ Serial No. 821, OSCAR FLORES Serial No. 689 and J. ARANDA Serial No. 691 are Inglewood Police Officers.

7. Each of the individual defendants sued herein is sued both in his individual and personal capacities, as well as then official capacity.

8. Plaintiffs are informed and believe and thereon allege that at all times herein mentioned each of the defendants was the agent and/or employee and/or co-conspirator of each of the

- 2 -

COMPLAINT FOR DAMAGES

remaining defendants, and in doing things hereinafter alleged, was acting within the scope of such agency, employment and/or conspiracy, and with the permission and consent of all other co-defendants.

## FACTS COMMON TO ALL COUNTS

9. This complaint concerns the unfortunate and preventable incident which occurred April 28, 2002, at or about 12:30PM, and began at an apartment building parking and mailbox area at the entrance of 3645 W. 104th Street, Inglewood, California where Plaintiff WILLIE LEE ANTONIO HEADEN, JR. and wife resided on the second floor unit 7. On said date, time and location, defendants police officers, ALFRED ENRIQUEZ, OSCAR FLORES, and J. ARANDA of the Inglewood Police Department, while in the course and scope of employment, and without legal cause or justification, arrested, kicked, battered, maced, hogtied, handcuffed and violently assaulted and battered WILLIE LEE ANTONIO HEADEN, JR. so as to cause wrist fractures to both wrists and to his body.

10. At said time and place, defendant police officers ALFRED ENRIQUEZ, OSCAR FLORES, and J. ARANDA of the Inglewood Police Department, then violently assaulted and violently slammed plaintiff WILLIE LEE ANTONIO HEADEN, JR's head and body against the wall and mailboxes continued to beat him about the head and body, slammed to the ground, kicked him and violently yanked him up and through down to the ground while handcuffed and totally subdued by mace spray.

- 3

COMPLAINT FOR DAMAGES

11. Said defendant police officers of the Inglewood Police Department attempted to cover up the true facts of this incident by fabricating that plaintiff WILLIE LEE ANTONIO HEADEN, JR. resisted arrest, failed to comply to verbal commands and failed to cooperate with defendant Police officers.

12. At no time did plaintiff WILLIE LEE ANTONIO HEADEN, JR. pose any threat to officers of the Inglewood Police Department, which would have justified the use of such excessive and violent force as, described herein.

**FIRST CAUSE OF ACTION**

**(Plaintiff WILLIE LEE ANTONIO HEADEN, JR. Against All Defendants for Violation of Civil Rights [42 *U.S.C.* §1983])**

13. Plaintiff restate and incorporate by reference all of are the foregoing paragraphs of this complaint as if set forth in full at this point.

14. This cause of action is to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege, and immunity secured to WILLIE LEE ANTONIO HEADEN, JR. by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

15. At all times mentioned herein, defendants INGLEWOOD employed the individual defendants herein. Said defendants provided their individual defendant employees and agents with official badges and identification cards which designated and described the bearers as employees of INGLEWOOD.

COMPLAINT FOR DAMAGES

16. During all times mentioned herein, the individual defendants, and each of them, separately and in concert, acted under color and pretense of law, under color of the statutes, ordinances, regulations, policies, processes, customs and usages of INGLEWOOD. Each of the individual defendants here, separately and in concert, deprived plaintiff of the rights, privileges and immunities secured to him by the Fourth, Fifth and Fourteenth Amendment to the United States Constitution and laws of the United States.

17. Plaintiff is informed, believe and thereon alleges that on or about April 28, 2002, Officers of the Inglewood Police Department deputies assaulted and battered him, as previously described above, all of which constituted excessive, unjustifiable and unreasonable force in violation of and with deliberate indifference to WILLIE LEE ANTONIO HEADEN, JR'S constitutional right to be free from reasonable searches and seizures, and his due process rights to be free from arbitrary deprivations of life, liberty, property and the pursuit of happiness.

18. The above articulated constitutional violations were proximately caused by INGLEWOOD and defendant RONALD BANKS' deliberate indifference to the maintenance, training, discipline and control of its officers, and the constitutional violations of defendant INGLEWOOD and the Inglewood Police Department, and Defendant RONALD BANKS, including, but not limited to, inadequate training, inadequate monitoring, supervising and discipline of employees of the Inglewood Police Department with

respect to the use of force and the proper procedure for restraining and detaining individuals.

19. Plaintiff is informed and believes, and thereupon alleges, that before April 28, 2002, defendants INGLEWOOD and RONALD BANKS, hired, trained, supervised, employed and/or managed the individual defendant officers and deputies with conscious disregard and deliberate indifference to the constitutional rights of third parties, in that it was plainly obvious to defendants INGELWOOD and the RONALD BANKS, that these officers and deputies were dangerous and violent employees, prone to assault and batter persons and/or use unnecessary, unreasonable, deadly and/or unlawful physical force without reasonable justification.  Since adequate scrutiny of these individual defendants' backgrounds would have led reasonable policymakers within defendant INGLEWOOD and defendant RONALD BANKS, to conclude that the plainly obvious consequences of the decision to hire these individual defendants would result in deprivation of a third party's Fourth Amendment rights to be free from unreasonable and excessive force, INGLEWOOD and Defendant RONALD BANKS, were deliberately indifferent to plaintiffs' federally protected rights when the individuals named herein were hired.

20. That as set forth in the foregoing paragraphs of this complaint the defendant officers' assaulting and battering of WILLIE LEE ANTONIO HEADEN, JR. was as unconstitutional display of unreasonable and excessive force, which violated WILLIE LEE ANTONIO HEADEN, JR's right to be free from unreasonable seizures.  Plaintiff is informed and believe, and thereupon alleges, that the details of this incident have been revealed to

COMPLAINT FOR DAMAGES

the authorized policymakers within INGLEWOOD and to Defendant RONALD BANKS of the Inglewood Police Department, and that such policymakers have direct knowledge of the fact that assault and battery on WILLIE LEE ANTONIO HEADEN, JR. and the deliberate indifference to WILLIE LEE ANTONIO HEADEN, JR's medical condition were not justified, but rather represent an unconstitutional display of unreasonable and excessive force. Notwithstanding this knowledge, the authorized policymakers within INGLEWOOD and defendant RONALD BANKS, Chief of the Inglewood Police Department, have approved of the officers' unjustifiable assault and battery of WILLIE LEE ANTONIO HEADEN, JR., and made a deliberate choice to endorse the Inglewood Police Department's assault and battery of WILLIE LEE ANTONIO HEADEN, JR, and the basis for that assault and battery. By so doing, by seeking and filing a criminal complaint against Plaintiff WILIIE LEE ANTONIO HEADEN, JR. for resisting arrest in *People v, Willie Lee Antonio Headen, Jr.* case no. 2IW01003 the authorized policymakers within INGLEWOOD and defendant RONALD BANKS Chief of Police of the Inglewood Police Department, had shown affirmative agreement with the individual defendant officers' actions, and had ratified the unconstitutional acts of the individual defendant officers.

21. Despite the facts that Defendant INGLEWOOD and defendant RONALD BANKS knew or should have known of the fact that these acts, omissions, decisions, practices, customs and policies, both formal and informal, were being carried out by its agents and employees, defendants INGLEWOOD and RONALD BANKS have made no efforts to order a halt to this course of conduct, nor to

COMPLAINT FOR DAMAGES

make redress to these plaintiffs or other civilian citizens injured thereby, and have failed to take any disciplinary action whatsoever against of its defendant police officers.

22. The above acts or omissions of the defendants were undertaken while under color of state law and resulted in a violation of plaintiff's constitutional rights, as stated herein. Likewise, the customs, practices, policies of INGLEWOOD and defendant RONALD BANKS alleged herein and as applied to WILLIE LEE ANTONIO HEADEN, JR., resulted in the violations of plaintiff's constitutional rights.

23. Plaintiff had an inalienable interest to life and the right not to be deprived of liberty or property without due process of law. These rights and privileges are secured to plaintiff by provisions of the Fourth Amendment and the Due Process Clauses of the Fifth and Fourteenth Amendment to the United States Constitution, and by 42 *U.S.C* §1983. This interest was breached by the wrongful conduct of the defendants and each of them which proximately caused WILLIE LEE ANTONIO HEADEN, JR's injuries, as described herein. All of these interests were violated by the wrongful conduct of defendants, which proximately caused the permanent injuries to WILLIE LEE ANTONIO HEADEN, JR.

24. Each of the individual defendants acted in concert, acted outside the scope of his jurisdiction and without authorization of law, and each of the individual defendants, separately an in concert, acted willfully, knowingly and with reckless disregard and deliberate indifference to the known consequences of their acts and omissions and purposefully with the intent to deprive plaintiff of his federally protected rights and privileges and

did, in fact, violate those rights and privileges entitling plaintiff to punitive and exemplary damages in an amount to be proven at the trial of this matter.

25. As a direct and proximate result of the aforesaid acts, omissions, customs, practices, policies and decisions of the defendants, and each of them, plaintiff has suffered great mental and physical pain, suffering anguish, fright, nervousness, anxiety, grief, shock humiliation, indignity, embarrassment and apprehension, all to his damage in a sum to be determined at trial. Additionally, plaintiff has been forced to incur substantial amounts for attorneys' fees, investigations, expenses, and other costs in the prosecution of the above-articulated constitutional violations.

26. As a result of these acts, plaintiff has lost income and will loose in future income resulting from the incident as described herein, in an amount to be determined according to proof at time of trial.

27. As a proximate result of the aforementioned conduct of defendants, and each of them, plaintiff sustained emotional injuries and were required to and did employ physicians and surgeons to examine, treat and care for them, and incurred medical expenses for said treatment in an amount according to proof at trial.

28. Plaintiff is entitled to, and hereby demands costs, attorneys' fees and expense pursuant to 42 *U.S.C.* §1988.

29. Plaintiff hereby demands that a jury be impaneled for the trial of this matter.

COMPLAINT FOR DAMAGES

1   WHEREFORE, plaintiff prays for judgment against defendants, as
2 follows:
3   1. For general damages in an amount to be determined according
4 to proof at trial;
5   2. For medical and related expenses according to proof at
6 trial;
7   3. For costs of suit incurred herein;
8   4. For punitive damages against each individual defendant in
9 an amount to determine according to proof at trial;
10   5. Attorneys' fees, investigation fees and expert witnesses'
11 fees incurred herein; and
12   6. Such other and further relief as the Court deems just and
13 proper.

Dated: April 24, 2003                    JOHN H. WOLF & ASSOCIATES


                                         BY: /s/ John H. Wolf
                                         JOHN H. WOLF, ESQ.
                                         Attorney for Plaintiff
                                         WILLIE LEE ANTONIO
                                         HEADEN